IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

VEDA ANN PUCKETT                                                          PLAINTIFF

vs.                                Civil No. 2:11-cv-02223

MICHAEL J. ASTRUE                                        DEFENDANT
Commissioner, Social Security Administration

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Veda Ann Puckett ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2006), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her application for Supplemental Security Income ("SSI") and a period of disability under Title XVI of the Act.

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2005), the Honorable P. K. Holmes, III, referred this case to the Honorable Barry A. Bryant for the purpose of making a report and recommendation. The Court, having reviewed the entire transcript and relevant briefing, recommends the ALJ's determination be **AFFIRMED.**

**1. Background:**

Plaintiff filed an application for SSI on November 2, 2009. (Tr. 19).[1] Plaintiff alleged she was disabled due to rheumatoid arthritis. (Tr. 146). Plaintiff alleged an onset date of September 1, 2008. (Tr. 146). This application was denied initially and again upon reconsideration. (Tr. 76-81, 88-92).

On June 24, 2009, Plaintiff requested an administrative hearing on her application. (Tr. 90).

---

[1] The docket numbers for this case are referenced by the designation "ECF No." The transcript pages for this case are referenced by the designation "Tr."

This hearing request was granted, and a hearing was held on October 19, 2010 in Fort Smith, Arkansas. (Tr. 42-75). At this hearing, Plaintiff was present and represented by counsel, David Harp. *Id.* Plaintiff, Plaintiff's witnesses Tara Huff and Joe Rye, and Vocational Expert ("VE") Charles Dwight Turner testified at this hearing. *Id.* On the date of this hearing, Plaintiff was forty-eight (48) years old, which is defined as a "younger person" under 20 C.F.R. § 404.1563(c) (2008), and had a high school education. (Tr. 49, 51).

On February 8, 2011, the ALJ entered an unfavorable decision denying Plaintiff's application for SSI. (Tr. 19-28). In this decision, the ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since November 2, 2009. (Tr. 21, Finding 1). The ALJ determined Plaintiff had the severe impairments of arthritis, obesity, anemia, and an anxiety disorder. (Tr. 21, Finding 2). The ALJ also determined, however, that Plaintiff did not have an impairment or a combination of impairments that met or medically equaled one of the listed impairments in the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 21, Finding 3).

In this decision, the ALJ indicated he evaluated Plaintiff's subjective complaints and determined her Residual Functional Capacity ("RFC"). (Tr. 23, Finding 5). First, the ALJ indicated he evaluated Plaintiff's subjective complaints and found her claimed limitations were not entirely credible. (Tr. 26). Second, the ALJ determined, based upon this review of Plaintiff's subjective complaints, the hearing testimony, and the evidence in the record, she retained the RFC for sedentary work. (Tr. 23, Finding 4). The ALJ also found Plaintiff could occasionally reach overhead, and climb ramps and stairs, balance, stoop, kneel, crouch, and crawl; could not climb ladders, ropes, or scaffolds; could frequently handle and finger; could understand, remember, and carry out simple, routine, and repetitive tasks; could respond appropriately to supervisors, co-workers, and usual work situations, but

2

could have only occasional contact with the general public. *Id.*

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 27, Finding 5). The ALJ found Plaintiff had PRW as a cook. *Id.* The ALJ determined Plaintiff was unable to perform her PRW. *Id.*

The ALJ, however, also determined there was other work existing in significant numbers in the national economy Plaintiff could perform. (Tr. 27, Finding 9). The ALJ based his determination upon the testimony of the VE. *Id.* Specifically, the VE testified that given all Plaintiff's vocational factors, a hypothetical individual would be able to perform the requirements of a representative occupation such as an assembly worker with approximately 40,000 such jobs in the region and 250,000 such jobs in the nation, inspector with approximately 15,000 such jobs in the region and 200,000 such jobs in the nation and work as a machine tender with approximately 19,000 such jobs in the region and 220,000 such jobs in the nation. *Id.* Based upon this finding, the ALJ determined Plaintiff had not been under a disability as defined by the Act from November 2, 2009 through the date of the ALJ's decision. (Tr. 28, Finding 10).

Thereafter, Plaintiff requested the Appeals Council review the ALJ's unfavorable decision. (Tr. 8-14). *See* 20 C.F.R. § 404.968. On October 7, 2011, the Appeals Council declined to review this unfavorable decision. (Tr. 1-3). On November 21, 2011, Plaintiff filed the present appeal. ECF No. 1. This case is now ready for decision.

**2. Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a

preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the

regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206;  20 C.F.R. §§ 404.1520(a)-(f).  The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3. Discussion:**

Plaintiff filed the present appeal claiming the ALJ's disability determination is not supported by substantial evidence in the record.  ECF No. 9.  Specifically, in her appeal brief, Plaintiff claims the ALJ erred (1) in failing to fully develop the record, (2) in his RFC determination, (3) in his evaluation of medical opinions, (4) in his evaluation of lay witness testimony, and (5) in his step-five determination.  *Id.*   In response, the Defendant argues the ALJ did not err in any of his findings.  ECF No. 10.

**A. Duty To Develop The Record**

The ALJ has the duty to fully and fairly develop the record, even where the Plaintiff is represented by counsel.  If a physician's report of a claimant's limitations are stated only generally, the ALJ should ask the physician to clarify and explain the stated limitations.  *See Vaughn v. Heckler*, 741 F. 2d 177,179 (8th Cir. 1984).  Furthermore, the ALJ is required to order medical examinations and tests if the medical records presented do not provide sufficient medical evidence to determine the nature and extent of a claimant's limitations and impairments.  *See Barrett v. Shalala*, 38 F. 3d 1019, 1023 (8th Cir. 1994).  The ALJ must develop the record until the evidence is sufficiently clear to make

5

a fair determination as to whether the claimant is disabled. *See Landess v. Weinberger*, 490 F. 2d 1187, 1189 (8th Cir. 1974). In addition, a claimant must show not only that the ALJ failed to fully and fairly develop the record, but he must also show that he was prejudiced or treated unfairly by the ALJ's failure. *See Onstad v. Shalala*, 999 F.2d 1232, 1234 (8th Cir. 1993).

Plaintiff argues the ALJ should have obtained a consultative psychological evaluation, and as a result of not doing so, the ALJ failed in the duty to properly develop the record. Defendant argues substantial evidence shows the ALJ met his duty to fairly develop the record.

To begin with, Plaintiff failed to allege mental problems in her application and failed to seek treatment for her alleged mental health impairment for approximately 18 months after her alleged onset date. (Tr. 223, 236). As the ALJ noted, the fact that Plaintiff did not seek treatment for so long is inconsistent with an allegation of severe mental problems, and suggests that her condition is not disabling. (Tr. 26).

Additionally, Plaintiff has failed to establish the medical records presented did not provide sufficient medical evidence to determine the nature and extent of a claimant's limitations and impairments. *See Barrett v. Shalala*, 38 F. 3d 1019, 1023 (8th Cir. 1994). On April 5, 2010, Plaintiff was seen at the Cherokee Nation Health Center complaining of anxiety attacks. (Tr. 223). Plaintiff's physician did not indicate any other symptoms and prescribed medication for Plaintiff. *Id.* On August 2, 2010, Plaintiff's was seen for chronic anxiety and her physician continued treatment with prescriptions. (Tr. 236). Other than Plaintiff's medical provider continuing to prescribe Plaintiff with medication, no other medical evidence exists regarding Plaintiff's anxiety or depression.

The medical evidence shows Plaintiff's mental impairments due to anxiety and depression were controlled with medications. If an impairment can be controlled by treatment or medication, it cannot be considered disabling. *Stout v. Shalala*, 988 F.2d 853, 855 (8th Cir. 1993).

The medical record was sufficiently developed to allow the ALJ to make an informed decision regarding Plaintiff's mental health and a consultative examination was not required. I find the ALJ satisfied his duty to fully and fairly develop the record in this matter.

**B. RFC**

Prior to Step Four of the sequential analysis in a disability determination, the ALJ is required to determine a claimant's RFC. *See* 20 C.F.R. § 404.1520(a)(4)(iv). This RFC determination must be based on medical evidence that addresses the claimant's ability to function in the workplace. *See Stormo v. Barnhart,* 377 F.3d 801, 807 (8th Cir. 2004). The ALJ should consider "'all the evidence in the record' in determining the RFC, including 'the medical records, observations of treating physicians and others, and an individual's own description of his limitations.'" *Stormo v. Barnhart,* 377 F.3d 801, 807 (8th Cir. 2004) (quoting *Krogmeier v. Barnhart,* 294 F.3d 1019 (8th Cir. 2002)). The Plaintiff has the burden of producing documents and evidence to support his or her claimed RFC. *See Cox*, 160 F.3d at 1206; 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

The ALJ, however, bears the primary responsibility for making the RFC determination and for ensuring there is "some medical evidence" regarding the claimant's "ability to function in the workplace" that supports the RFC determination. *Lauer v. Apfel,* 245 F.3d 700, 703-04 (8th Cir. 2001). Furthermore, this Court is required to affirm the ALJ's RFC determination if that determination is supported by substantial evidence on the record as a whole. *See McKinney v. Apfel,* 228 F.3d 860, 862 (8th Cir. 2000).

In this matter, the ALJ determined Plaintiff retained the RFC for sedentary work. (Tr. 23, Finding 4). The ALJ also found Plaintiff could occasionally reach overhead, and climb ramps and stairs, balance, stoop, kneel, crouch, and crawl; could not climb ladders, ropes, or scaffolds; could frequently handle and finger; could understand, remember, and carry out simple, routine, and repetitive

7

tasks; could respond appropriately to supervisors, co-workers, and usual work situations, but could have only occasional contact with the general public. *Id.* Plaintiff argues the ALJ's RFC finding is flawed because of pain in her neck, shoulders, back, hips, and knees. ECF No. 9, Pgs. 8-12.

Plaintiff was treated for pain in her shoulders on July 31, 2009 and October 6, 2009 at the Cherokee Nation Health Center. (Tr. 196-197). Plaintiff did not return for treatment until September 8, 2010 with complaints of hip and knee pain. (Tr. 234). Plaintiff was also seen October 18, 2010 with back and shoulder pain. (Tr. 234). The record shows Plaintiff did not seek treatment for pain complaints on a regular basis.

On February 1, 2010, a consultative physical examination was conducted on Plaintiff by Dr. Tad Michael Morgan. (Tr. 206-210). Dr. Morgan's findings revealed only a slightly reduced range of motion in Plaintiff's back and shoulders. (Tr. 208-209). Dr. Morgan also indicated Plaintiff could not squat or rise from a squatting position. (Tr. 209). Dr. Morgan's other clinical examination findings were normal. (Tr. 207-209). Plaintiff was diagnosed with arthritis by history. (Tr. 210).

Plaintiff also argues she could not frequently handle and finger, as was found by the ALJ. ECF No. 9, Pg. 10. Although Dr. Morgan observed a slightly reduced grip in Plaintiff's left hand, he also found Plaintiff was able to touch her fingertips to her palm, oppose her thumb to her fingers, pick up a coin, and could hold a pen to write. (Tr. 209). Dr. Morgan also found Plaintiff had a 100% grip strength in her dominant right hand. (Tr. 209). Additionally, Plaintiff did not make complaints to her treating physicians regarding problems using her hands. (Tr. 191-204, 221-228, 232-290).

Additionally, Plaintiff argued the ALJ erred in his RFC determination because he did not consider her anemia which she alleged caused fatigue and would interfere with her ability to work. ECF No. 9, Pg. 10. However, the ALJ discussed how Plaintiff refused the recommended treatment for anemia which, as the ALJ noted, suggests her condition was not as serious as had been alleged.

(Tr. 26).

Plaintiff has the burden of establishing her claimed RFC. *See Goff v. Barnhart,* 421 F.3d 785, 790 (8th Cir. 2005) (quoting *Eichelberger v. Barnhart,* 390 F.3d 584, 590 (8th Cir. 2004)). Because Plaintiff has not met her burden in this case and because the ALJ's RFC determination is supported by sufficient medical evidence, this Court finds the ALJ's RFC determination should be affirmed.

### C. Evaluation of Medical Opinions

As previously discussed, the ALJ bears the primary responsibility for making the RFC determination and for ensuring there is "some medical evidence" regarding the claimant's "ability to function in the workplace" that supports the RFC determination. *Lauer v. Apfel,* 245 F.3d 700, 703-04 (8th Cir. 2001). Furthermore, this Court is required to affirm the ALJ's RFC determination if that determination is supported by substantial evidence on the record as a whole. *See McKinney v. Apfel,* 228 F.3d 860, 862 (8th Cir. 2000).

In this matter, the ALJ determined Plaintiff had the RFC for sedentary work with limitations. (Tr. 23, Finding 4). Plaintiff claims substantial evidence does not support the ALJ's RFC determination because the ALJ erred in his treatment of the opinions of Dr. Tad Michael Morgan who prepared a consultative report. ECF No. 9, Pgs. 11-12. Defendant argues the ALJ considered the opinions of Dr. Morgan but gave them proper weight based on they being inconsistent with the evidence in the record. ECF No. 10, Pgs, 12-13.

Social Security Regulations and case law state that a treating physician's opinion will be granted "controlling weight," provided it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] record." *See* SSR 96-2p; *Prosch v. Apfel*, 201 F.3d 1010, 1012-13 (8th Cir. 2000)(citing 20 C.F.R. § 404.1527(d)(2)). An ALJ is required to give good reasons for the particular weight given to a treating

physician's evaluation. *See Prosch*, 201 F.3d at1013 (citing 20 C.F.R § 404.1527(d)(2), and SSR 96-2p). An ALJ may disregard the opinion of a treating physician only where other medical assessments "are supported by better or more thorough medical evidence," or where a treating physician renders inconsistent opinions that undermine the credibility of such opinions. *Id.* at 1013 (quoting *Rogers v. Chater*, 118 F.3d 600, 602 (8th Cir. 1997), and *Cruze v. Chater*, 85 F.3d 1320, 1324-25 (8th Cir. 1996)).

To begin with, Dr. Morgan is not a treating physician but is a consulting physician. The report of a consulting physician who examined a claimant once does not constitute substantial evidence, except where other medical assessments are not supported by better or more thorough medical evidence, or where a treating physician renders inconsistent opinions that undermine the credibility of such opinions. *Wagner v. Astrue*, 499 F.3d 842, 849 (8th Cir. 2007).

On February 1, 2010, Dr. Morgan preformed a consultative physical examination on Plaintiff. (Tr. 206-210). Dr. Morgan's findings revealed only a slightly reduced range of motion in Plaintiff's back and shoulders. (Tr. 208-209). Dr. Morgan also indicated Plaintiff could not squat or rise from a squatting position. (Tr. 209). Dr. Morgan's other clinical examination findings were normal. (Tr. 207-209). Plaintiff was diagnosed with arthritis by history. (Tr. 210). Although Dr. Morgan observed a slightly reduced grip in Plaintiff's left hand, he also found Plaintiff was able to touch her fingertips to her palm, oppose her thumb to her fingers, pick up a coin, and could hold a pen to write. (Tr. 209). Dr. Morgan also found Plaintiff had a 100% grip strength in her dominant right hand. (Tr. 209).

Dr. Morgan indicated Plaintiff had moderate to severe limitations in walking, standing, lifting, carrying, handling, and fingering. (Tr. 210). The ALJ found Dr. Morgan's clinical examination findings in his report did not support his opinion. (Tr. 27). As the ALJ noted, this report failed to adequately consider Plaintiff's subject complaints and was inconsistent and not supported by the

10

findings of the physical examination. (Tr. 27). Dr. Morgan's clinical findings showed a slight limitation in range of motion in Plaintiff's shoulder, a slight limitation in the flexion of Plaintiff's knees, a slight limitation in range of motion of Plaintiff's cervical and lumbar spine, a slightly reduced grip in Plaintiff's left hand, and an inability to squat and rise from a squatting position. (Tr. 208-209).

The ALJ has the responsibility to determine which findings are inconsistent and which opinions should be given greater weight than other opinions. *See Brown v. Astrue,* 611 F.3d 941, 951-52. In this matter, the ALJ gave less weight to the opinions of Dr. Morgan and he set forth several reasons in his analysis for doing so. (Tr. 25, 27). The ALJ noted, Dr. Morgan's report was internally inconsistent and conflicted with other objective medical evidence and non-medical evidence of record. (Tr. 27). Also, the ALJ gave Dr. Morgan's opinions less weight due to his limited relationship with the Plaintiff. (Tr. 26). The ALJ properly found Dr. Morgan's findings and examination were inconsistent with other evidence. As a result, the ALJ did not err in his treatment of Dr. Morgan's opinions.

### D. Lay Witnesses Opinions

Plaintiff claims the ALJ erred in his treatment of testimony from two lay witnesses regarding their opinions of Plaintiff's disability and ability to function in the workplace. ECF No. 9, Pg. 12. The testimony was from Tara Huff, Plaintiff's daughter (Tr. 66-68) and Joe Rye, her landlord. (Tr. 69-70).

Ms. Huff indicated she did many household chores for Plaintiff and assisted in bathing. (Tr. 66-67). Ms. Huff also indicated sees Plaintiff every other day and will usually spend one to two nights with Plaintiff. (Tr. 67). Ms. Huff also stated Plaintiff experiences pain. (Tr. 67). Mr. Rye, Plaintiff's landlord, indicated he has known Plaintiff for more than six years. (Tr. 69). Mr. Rye testified Plaintiff is known to be an honest and truthful person. *Id.* Mr. Rye also testified he has assisted Plaintiff in doing yard work and household chores. (Tr. 69-70).

The ALJ, in his opinion considered the testimony of Ms. Huff and Mr. Rye and their opinions were considered as non-medical source evidence. (Tr. 27). The ALJ afforded less weight to these opinions than to opinions of medical professionals. *Id.*

The ALJ properly considered the lay witnesses' testimony and refused to place controlling weight on it because the lay witnesses were not qualified to render an opinion as to claimant's capacity to work; the testimony merely corroborated the claimants' testimony regarding her activities; and the testimony conflicted with the medical evidence regarding claimants' functional capabilities. *See Ostronski v. Chater*, 94 F.3d 413 (8th Cir. 1996).

In this matter, the ALJ had a basis for discounting Plaintiff's lay witness testimony. This Court finds no error in the ALJ's treatment of the testimony for Ms. Huff and Mr. Rye.

### E. Step 5 Determination

At Step Five of a disability determination, the SSA has the burden of establishing that a claimant retains the ability to perform other work in the economy. *See Snead v. Barnhart,* 360 F.3d 838, 836 (8th Cir. 2004). The SSA may meet this burden by either applying the Grids or by relying upon the testimony of a VE. *See Cox v. Astrue,* 495 F.3d 614, 621 (8th Cir. 2004) (finding the SSA's denial of benefits was supported by substantial evidence where the VE's testimony was based on a correctly-phrased hypothetical question); *Patrick v. Barnhart,* 323 F.3d 592, 596 (8th Cir. 2003) (finding the SSA's denial of benefits was supported by substantial evidence where the ALJ applied the Grids).

The SSA may not apply the Grids, and must hear testimony from a VE, where a claimant's RFC is significantly diminished by a nonexertional limitation. *See McGeorge v. Barnhart,* 321 F.3d 766, 768-769 (8th Cir. 2003). If, however, the SSA properly determines a claimant's RFC is not

significantly diminished by a nonexertional limitation, then the SSA may rely exclusively upon the Grids and is not required to hear the testimony from a VE. *See McGeorge,* 321 F.3d at 768-769.

In this matter, the ALJ heard testimony from a VE regarding Plaintiff's ability to perform work in the national economy. It is generally accepted that VE testimony, in response to a hypothetical question, is substantial evidence if the hypothetical sets forth the credible impairments with reasonable precision. *See Starr v. Sullivan*, 981 F.2d 1006 (8th Cir. 1992). It has further been established the ALJ must only include in the hypothetical those impairments which the ALJ actually finds credible, and not those which he rejects, assuming his findings are supported by substantial evidence. *See Onstad v. Shalala*, 999 F.2d 1232 (8th Cir. 1993).

The ALJ found Plaintiff had the RFC to perform sedentary work. (Tr. 23, Finding 4). The ALJ also found Plaintiff could occasionally reach overhead, and climb ramps and stairs, balance, stoop, kneel, crouch, and crawl; could not climb ladders, ropes, or scaffolds; could frequently handle and finger; could understand, remember, and carry out simple, routine, and repetitive tasks; could respond appropriately to supervisors, co-workers, and usual work situations, but could have only occasional contact with the general public. *Id.*

In response to a hypothetical question containing these limitations, the VE testified work existed in the national economy consistent with the limitations found by the ALJ. (Tr. 71-74). The ALJ found a significant number of jobs existed in the national economy which Plaintiff could perform. (Tr. 27-28, Finding 9). Relying on the VE testimony, the ALJ found Plaintiff was not under a disability as defined by the Act. (Tr. 28). Plaintiff argues that because the ALJ's hypothetical question was based upon the RFC finding, the hypothetical question was defective and unsupported by the evidence because it did not contain all of her limitations. ECF No. 9, Pg. 12-13.

I find the ALJ's hypothetical question properly set forth those limitations the ALJ found credible and which are supported by the evidence of record. *See Haynes v. Shalala*, 26 F.3d 812, 815 (8th Cir. 1994); *Rappoport v. Sullivan*, 942 F.2d 1320, 1322 (8th Cir. 1991) (ALJ need only include in his hypothetical question those impairments he accepts as true). The VE stated jobs existed in both the national and regional economy for the vocational profile of the Plaintiff. Such testimony, based on a hypothetical question consistent with the record, provided substantial evidence to support the ALJ's decision.

**4. Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence in the record. This Court recommends that the ALJ's decision be affirmed.

**The parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court. *See Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).**

**ENTERED this 27th day of September 2012.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE